UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA MARIE OSTUNI,                :
                                  :CIVIL ACTION NO. 3:12-CV-0714
          Plaintiff,              :
                                  :(JUDGE CONABOY)
          v.                      :(Magistrate Judge Blewitt)
                                  :
WA WA'S MART, *et al.*,            :
                                  :
          Defendants.             :
                                  :

---

### MEMORANDUM

Here we consider Magistrate Judge Thomas M. Blewitt's May 15, 2012, Report and Recommendation concerning Plaintiff Lisa Marie Ostuni's pro se civil action filed pursuant to 42 U.S.C. § 1983. (Doc. 7.)  Plaintiff filed the action on April 16, 2012, (Doc. 1) accompanied by an Application to Proceed In Forma Pauperis (Doc. 2).  Upon initial screening required by 28 U.S.C. § 1915(e) for cases proceeding in forma pauperis, Magistrate Judge Blewitt recommends Plaintiff's Complaint be dismissed with prejudice. (Doc. 7 at 23.)  On June 1, 2012, Plaintiff filed a Response to Report and Recommendation (Doc. 8) which we will construe as objections.  For the reasons discussed below, we adopt the Report and Recommendation (Doc. 7) as modified.

### I. Background

Plaintiff brings this action, filed on a 42 U.S.C. § 1983 complaint form, against WaWa's Market in Stoudsburg, Pennsylvania, Pauline Counterman (WaWa's cashier), and Officer Paul Duffy of the Stroudsburg Police Department.  (Pl.'s Compl. § III; Doc. 1 at 2.)

In her Complaint, Plaintiff sparsely describes her claim.[1]  (Doc. 1 at 2-3.)

> On Sept. 4, 2009 Pauline Counterman accused mo of saying "I said to my son "they give this shit out like candy" misconstruing my word's!  Falsely reporting to police "I was taking to long in bathroom I changed my sanittary pad "She told my 13 year old son to leave the store!"  Being accused of doing drugs and drunk! Without any test's or surveilance!  Paul Duffy "signing sworn document's to superior's of lyes stating "I kicked him in groin"!  I didn't walk to my car!  I was carried in the air like a rug! Past my son who was sitting in car.

(Pl.'s Compl. § IV ¶¶ 1-5; Doc. 1 at 2-3.)

In her Response to Report and Recommendation, Plaintiff adds "1) I was grabbed from behind [by Officer Duffy] never being read my right's[;] 2) Pulled my arm's and hand's behind my back and cuffed me[;] . . . 4) Slammed me down on my right thigh leaving bruises for several week's."[2]  (Doc. 8 at 1-2.)

In exhibits attached to her Complaint, Plaintiff's son, Rocko

---

[1]  Throughout this document, we quote Plaintiff's assertions verbatim without identifying the spelling, punctuation, and grammar errors.

[2]  While additional facts submitted in response to Magistrate Judge Blewitt's Report and Recommendation may be relevant to Plaintiff's claim, we note that a complaint cannot be amended through objections to a Report and Recommendation.  *See*, *e.g.*, *George v. Boise Cascade Corp.*, Civ. A. No. 1:08-cv-02113, 2009 WL 3335907, at *2 (M.D. Pa. Oct. 14, 2009) (citing *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)).

Ostuni-Costa, provides a statement which includes his recollection of the events of September 4, 2009.  (Doc. 4 at 4-5.)   The statement is dated December 1, 2011, and reads in pertinent part as follows:

> On the night my mother was taken away by police, at the WaWa, this is what happened.  Our car ran out of gas and my mother called her friends to bring us gas.  My mother went inside store to the bathroom.  I waited in car, then I went into store and walked around looking at stuff.  The lady at the counter thought I was stealing something.  I think she called the police.  My mom was looking for a cup and some Ice.  Then the police came in behind my mother and grabbed her.  She got very upset, so they lifted her up in the air, carried her out of the WaWa.  They pushed her down into the police car and shoved her in.  They asked me if I had somewhere to stay, and drove my mother away.  Then they drove me to my friend's house.

(Doc. 4 at 4-5.)

In the "Relief" portion of her Complaint, Plaintiff states

> I'd like to leave jail immediately! To resume being a mother to my son! To take these horrendous charges off my record! Let this time count for this sentence with nonfelony charges on my accident as well! I was on medication that was prescribed to me.  After my 3rd. lumber surgery.  I am in need of a cervical surgery.

(Pl.'s Compl. § V ¶¶ 1-3; Doc. 1 at 4.)

Subsequent to her arrest and conviction on charges related to the September 4, 2009, incident, Plaintiff was sentenced to a maximum term of imprisonment of 18 months at the Monroe County Correctional Facility.  (Doc. 7 at 5.)  Magistrate Judge Blewitt notes that it appears this sentence has been fully served and she

is now incarcerated at SCI-Cambridge Springs, in Cambridge Springs, Pennsylvania, serving a sentence imposed on her guilty plea following being charged with homicide by vehicle while driving under the influence and related offenses stemming from a June 23, 2009, incident.  (Doc. 7 at 3 n.1, 5.)

Magistrate Judge Blewitt construes Plaintiff's Complaint to raise a Fourth Amendment false arrest claim and a Fourth Amendment excessive force claim regarding her September 4, 2009, arrest. (Doc. 7 at 4.)  The Report and Recommendation concludes the following: Plaintiff's Complaint is in clear violation of Rule 8 of the Federal Rules of Civil Procedure (Doc. 7 at 10); certain claims are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (Doc. 7 at 10-11); to the extent Plaintiff challenges the length of her confinement and seeks immediate release from prison, such claims are to be raised in a habeas action after Plaintiff exhausts her state court remedies (*id.* at 11-12); Plaintiff's § 1983 false arrest and malicious prosecution claims are without merit (*id.* at 14); Plaintiff's unlawful arrest and excessive force claims should be dismissed with prejudice as it would be futile to allow her to amend these claims because the two-year statute of limitations has expired (*id.* at 18); Defendants Counterman and WaWa are not state actors and, therefore, cannot be sued under § 1983 (*id.* at 19); and there is no other basis to find that liability would attach to these private

4

actors (*id.* at 22).

## II. Discussion

*A.    Legal Standards*

**1.    Report and Recommendation Review**

When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).  Moreover, when no objections are filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation. *See Cruz v. Chater*, 990 F. Supp. 375, 378 (M.D. Pa. 1998).  However, when objections are filed to a magistrate judge's Report and Recommendation, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made. *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987).

**2.    Screening Pro Se Complaint**

Because Magistrate Judge Blewitt recommends Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) be granted, he screened her Complaint as required by 28 U.S.C. § 1915(e).  (Doc. 7 at 6 (citing *O'Connell v. Sobina*, No. 1:06cv238, 2008 WL 144199, at *3 (W.D. Pa. Jan. 11, 2008)).)  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the reviewing court is to dismiss the case if the action is frivolous or malicious, fails to state a claim on which

5

relief may be granted, or seeks monetary relief against a defendant
who is immune from such relief.

In an inquiry into whether an action is frivolous, the term is
to be construed broadly from an objective perspective. *Deutsch v.
United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).  While the
parameters of the standard are not firmly fixed, the Supreme Court
and many lower courts have provided ample guidance.  *Id.* at 1085-87
(reviewing cases).  An action is frivolous in the following
circumstances: 1) the claim is based on an indisputably meritless
legal theory, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); 2) the
contentions are clearly baseless, *id.* at 328; 3) the facts alleged
"rise to the level of the wholly irrational or the wholly
incredible, whether or not there are judicially noticeable facts
available to contradict them," *Denton v. Hernandez*, 504 U.S. 25, 33
(1992); or 4) the action is of little or no weight, value, or
importance, not worthy of serious consideration, or trivial,
*Deutsch*, 67 F.3d at 1089.

Section 1915's maliciousness standard is not as well
established.  *See Abraham v. Danburg*, 699 F. Supp. 2d 686, 688 (D.
Del. 2010).  However, *Deutsch* established that it is
a subjective inquiry into the litigant's motivation at the time of
the filing of the lawsuit to determine if the action is an attempt
to vex, injure or harass the defendant.  67 F.3d at 1086.

To determine if a claim should be dismissed on screening for

failure to state a claim on which relief may be granted, the reviewing court uses the same standard as that used for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999.

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan,* 577 F.3d at 530. The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

7

> [D]istrict courts should conduct a two-part
> analysis.  First, the factual and legal
> elements of a claim should be separated.  The
> District Court must accept all of the
> complaint's well-pleaded facts as true, but
> may disregard any legal conclusions. [*Iqbal*,
> 129 S. Ct. at 1949.]  Second, a District
> Court must then determine whether the facts
> alleged in the complaint are sufficient to
> show that the plaintiff has a "plausible
> claim for relief."  *Id.* at 1950.  In other
> words, a complaint must do more than allege a
> plaintiff's entitlement to relief.  A
> complaint has to "show" such an entitlement
> with its facts.  *See Philips* [*v. Co. of
> Alleghany*], 515 F.3d [224,] 234-35 [(3d
> Cir.2008 )].  As the Supreme Court instructed
> in *Iqbal*, "[w]here the well-pleaded facts do
> not permit the court to infer more than the
> mere possibility of misconduct, the complaint
> has alleged--but it has not 'show[n]'--'that
> the pleader is entitled to relief.'" *Iqbal*,
> 129 S. Ct. at 1949.  This "plausibility"
> determination will be "a context-specific
> task that requires the reviewing court to
> draw on its judicial experience and common
> sense."  *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts.  In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly*, 550 U.S. at 555) (not precedential).

Additional considerations apply when a plaintiff is proceeding pro se.  A pro se plaintiff's pleadings must be construed

8

liberally.  *See*, *e.g.*, *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).  A reviewing court applies the applicable law, "irrespective of whether a pro se litigant has mentioned it by name."  *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B.    *Plaintiff's Objections***

Plaintiff's filing in response to the Report and Recommendation can be read to raise an objection to Magistrate Judge Blewitt's finding that amendment of her Complaint would be futile because the applicable statute of limitations has expired. (Doc. 7 at 1.)  Because Plaintiff asserts additional facts in her responsive filing regarding her arrest and injury sustained, it can also be construed as an attempt to show that she should be allowed to file an amended complaint regarding this claim.  (Doc. 7 at 1-2.)

As a preliminary matter, we note that we concur with the Magistrate Judge that Plaintiff's false arrest claim is barred by *Heck* since Plaintiff was convicted of aggravated assault based on the September 4, 2009, incident at WaWa, and she has presented no evidence that she has been successful on her pending collateral

appeal of that conviction.  (Doc. 7 at 16-17.)  Thus, rather than being barred by the statute of limitations, we find that Plaintiff's false arrest claim against Defendant Duffy is premature--it is barred by the successful termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), until Plaintiff is successful in overturning or invalidating her conviction based on the September 4, 2009, event.  We now turn to whether Plaintiff's Fourth Amendment excessive force claim is barred by the statute of limitations.

1.    **Statute of Limitations**

     Plaintiff supports her argument that she timely filed her civil rights action with the following statement:

> I filed a 1983 § 42 U.S.C. civil complaint on
> December 17, 2010.  Mrs. Ritchford of Monroe
> County gave me 2 addresses one to Harrisburg and 1
> to Philadelphia.  I first sent it to Harrisburg
> and it was returned unknown assress.  Then I sent
> it to Philadelphia Superior Courthouse
> Prothonotary.  It was returned it was labeled
> incomplete.  It is listed, listed on my criminal
> docket as notice of appeal.  1/18/2011.  I am
> trying to correct the wrong filing error.  Due to
> submittion of wrong court.

(Doc. 8 at 1.)  For the reasons discussed below, we conclude Plaintiff has failed to meet her burden of showing that her 42 U.S.C. § 1983 action should be considered timely.

     Civil rights claims are subject to the limitations period for personal injury actions in the state where the alleged constitutional violation occurred.  *Lake v. Arnold*, 232 F.3d 360,

10

368 (3d Cir. 2000).  Relevant here, Pennsylvania's two-year

statutory period applies to Plaintiff's action.  *Id.* at 369.  The

limitations period begins to run from the time when the plaintiff

knows or has reason to know of the injury which is the basis of the

section 1983 action.  *Genty v. Resolution Trust Corp.*, 937 F.2d

899, 919 (3d Cir. 1991).  The Third Circuit Court of Appeals

addressed whether a court could *sua sponte* consider whether

dismissal of a pro se complaint is warranted on statute of

limitation grounds in *Smith v. Delaware County Court*, 260 F. App'x

454 (3d Cir. 2008) (not precedential).

> Although we have not addressed the issue
> in a precedential decision, other courts have
> held that although the statute of limitations
> is an affirmative defense, a district court
> may *sua sponte* dismiss a complaint under §
> 1915(e) where the defense is obvious from the
> complaint and no development of the factual
> record is required.

260 F. App'x at 455 (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258

(10th Cir. 2006); *Erilene Co. S.A. v. Johnson*, 440 F.3d 648, 656-57

(4th Cir. 2006).

Applying these standards, we find it clear from the Complaint

that Plaintiff filed this action on April 17, 2012, based upon

alleged wrongs which occurred on September 4, 2009.  Because

Plaintiff knew of the alleged injuries at the time they occurred,

she had until September 3, 2011, to file her civil rights action

and she did not do so.  Thus, a statute of limitations defense is

obvious from the Complaint.

11

However, in this case our inquiry does not end there because Plaintiff's claim in her response to the Report and Recommendation that she filed her section 1983 action in the wrong court on December 17, 2010, (Doc. 8 at 1) raises the question of whether the doctrine of equitable tolling may apply and whether that decision can be made without further factual development of the record.  As an initial matter, we conclude that the important judicial and public interests which are the basis for sua sponte statute of limitations screening under § 1915, *see*, *e.g.*, *Erilene*, 440 F.3d at 657, logically extend to a reviewing court's authority to determine whether the record before the court upon screening would support application of the doctrine of equitable tolling.  *See*, *e.g.*, *Stoling v. Arkadelphia Human Development Ctr.*, 81 F. App'x 83, 84 (8th Cir. 2003) (not precedential) (noting that § 1915(e)(2)(B) dismissal would be proper if the reviewing court determined that the doctrine of equitable tolling would not render the filing timely).  We conclude the record before us is adequate to show that the doctrine of equitable tolling would not apply to the extent Plaintiff's Complaint could be considered timely.

> Equitable tolling applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances.  This occurs (1) where the defendant has activelyh misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly

12

> in the wrong forum.  The plaintiff, however,
> must exercise due diligence in preserving his
> claim.  Equitable tolling is an extraordinary
> remedy which should be extended only
> sparingly.

*Hedges v. United States*, 404 F.3d 744 (internal quotations and

citations omitted).  The plaintiff bears the burden to show that

equitable tolling is warranted.  *Podobnik v. U.S. Postal Serv.*, 409

F.3d 584, 591 (3d Cir. 2005).  This doctrine may be applied in 42

U.S.C. § 1983 cases.  *See*, *e.g.*, *Adderly v. Ferrier*, 419 F. App'x

135, 137 (3d Cir. 2011) (not precedential).

Plaintiff states that she filed a 42 U.S.C. § 1983 complaint

on December 17, 2010, when she sent it a Harrisburg address, one of

the two addresses provided by "Mrs. Ritchwood of Monroe County."

(Doc. 8 at 1.)  This mailing was returned due to an unknown

address.  (*Id.*)  On an unspecified date, Plaintiff sent the

complaint to the "Philadelphia Superior Courthouse Prothonotary."

(*Id.*)  The document was listed as having been filed on January 18,

2011.  (Doc. 8 at 1, 3.)  Plaintiff asserts it was returned,

labeled as incomplete.  (Doc. 8 at 1.)  The Criminal Docket

provided by Plaintiff which notes the Superior Court's receipt of

the document on January 18, 2011, does not show the date it was

returned to Plaintiff as incomplete but the last entry is February

28, 2011, noting "Certified Document Receipt."  (Doc. 8 at 3.)

Thus, Plaintiff has provided the Court with nothing that would

indicate that the civil complaint was returned to her later than

February 28, 2011.

Given a liberal reading of this record, we conclude Plaintiff would be entitled to equitable tolling of her claim from December 17, 2010, to February 28, 2011–the period from when she submitted a complaint to an incorrect address to when it was returned to her by the Superior Court.  Tolling of her claim for this period of approximately two and one-half months does not save her action in that her Complaint was filed more than seven months late.[3]  (*See* Doc. 1.)

We further note that on this record we find that Plaintiff did not exercise reasonable diligence in investigating and bringing her claims.  *Miller v. N .J. Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998).  She had from March 2011 to September 2011 to determine how and where to properly file her civil rights complaint.  Although Plaintiff states that she is "trying to correct the wrong filing error" (Doc. 8 at 1), the length of time it has taken her to do so precludes her from relief in that even if we were to construe her late filing as excusable neglect, "[m]ere excusable neglect is not sufficient."  *Miller*, 145 F.3d at 619 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d

---

[3]  Should Plaintiff have evidence that her claim was pending in the wrong court for an additional five months beyond that supported by the current record, she may file a motion for reconsideration.

14

Cir. 1997)).

Because it is apparent from the record before us that Plaintiff's Fourth Amendment excessive force claim is barred by the applicable statute of limitations, this claim is properly dismissed. It is dismissed with prejudice because amendment would be futile.

**2.    Factual Basis for Amendment**

The additional facts asserted in Plaintiff's responsive filing regarding her arrest and injury sustained, which we construed as an attempt to show that she should be allowed to file an amended complaint, do not save her action from dismissal. To the extent additional facts may support her false arrest claim, we have determined that claim is premature based on the successful termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent additional facts may support her excessive force claim, we have determined that claim is barred by the statute of limitations.

**C.    Clear Error Review**

We find no clear error in other findings made in the Magistrate Judge's Report and Recommendation.

### III. Conclusion

For the reasons discussed above, we conclude Plaintiff's Complaint is properly dismissed pursuant to the initial screening required by 28 U.S.C. § 1915(e). We adopt the Report and

Recommendation (Doc. 7) as modified and dismiss Plaintiff's

Complaint (Doc. 1) with prejudice except to the extent that her

false arrest claim against Defendant Duffy may be raised if her

underlying conviction is overturned or invalidated.  An appropriate

Order is filed simultaneously with this Memorandum.


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge

DATED: June 13, 2012

16