```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

LISA MARIE OSTUNI,                  :
                                    :CIVIL ACTION NO. 3:12-CV-0714
         Plaintiff,                 :
                                    :(JUDGE CONABOY)
         v.                         :(Magistrate Judge Blewitt)
                                    :
WAWA'S MART, *et al.*,              :
                                    :
         Defendants.                :
                                    :

---

## **MEMORANDUM**

Here we determine whether the neglect at issue concerning Plaintiff's Motion to Extend Time (Doc. 15) was excusable neglect pursuant to the standard set out in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd P'ship*, 507 U.S. 380 (1993). For the reasons discussed below, we conclude the neglect at issue was excusable.

## **I. Background**

Plaintiff filed the above-captioned matter pro se on April 17, 2012, against WaWa's Market in Stoudsburg, Pennsylvania, Pauline Counterman (WaWa's cashier), and Officer Paul Duffy of the Stroudsburg Police Department. (Doc. 1.) The 42 U.S.C. § 1983 action was referred to Magistrate Judge Thomas M. Blewitt who recommended (upon initial screening mandated under 28 U.S.C. § 1915(e)) that Plaintiff's Complaint be dismissed with prejudice against all Defendants. (Doc. 7 at 23.) By Order of June 13, 2012, the Court adopted the Report and Recommendation as modified, dismissed Plaintiff's Complaint (Doc. 1) with prejudice except to the extent that her false arrest claim against Defendant Duffy

could be raised if her underlying conviction is overturned or invalidated, and directed the Clerk of Court to close the case. (Doc. 10.)

On July 9, 2012, Plaintiff filed a document titled "Ammendment [sic] to 1983 42 U.S.C. 42." (Doc. 11.) By Order of July 10, 2012, the Court deemed the filing improper and directed that the case was to remain closed. (Doc. 12.) On July 13, 2012, Plaintiff filed a motion for reconsideration of the dismissal of her action. (Doc. 13.) The Court denied the motion by Order of July 23, 2012. (Doc. 14.)

On September 21, 2012, Plaintiff filed the motion under consideration here--Motion to Extend Time. (Doc. 15.) The Court denied the motion without opinion by Order of September 27, 2012. (Doc. 16.)

Plaintiff appealed the Court's denial to the Third Circuit Court of Appeals. (Doc. 17.) By Judgment dated March 19, 2013, the Circuit Court vacated the Court's September 27, 2012, Order and remanded the matter for further proceedings. (Doc. 25.) The Circuit Court's opinion stated "[w]e . . . vacate the District Court's denial of Ostuni's motion for extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5), and remand the case to the District Court to analyze whether the neglect at issue in this case was excusable." *Ostuni v. WaWa's Mart*, No. 12-3871, 2013 WL 1122706, at *2 (3d Cir. Mar. 19, 2013).

The Mandate issued on April 10, 2013. (Doc. 26.)

## **II. Discussion**

As directed by the Court of Appeals for the Third Circuit, the propriety of Plaintiff's motion is governed by Rule 4(a)(5) of the Federal Rules of Appellate Procedure and the factors identified in *Pioneer*, 507 U.S. at 395. *Ostuni*, 2013 WL 1122706, at *1.

Rule 4(a)(5) provides that the district court may extend the time to file a notice of appeal if the party moves to do so no later than 30 days after the time allowed by Rule 4(a) expires and the party shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). The United States Supreme Court set out the standard for finding excusable neglect in the bankruptcy context in *Pioneer*, 507 U.S. at 395. The Third Circuit Court of Appeals applied the *Pioneer* standard in the context of Rule 4(a)(5) in *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 153-54 (3d Cir. 2005), and explained its application in *Ostuni*, 2013 WL 1122706.

> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Pioneer provides four factors to consider when making this equitable determination: (1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

*Ostuni*, 2013 WL 1122706, at *1.

3

Here the danger of prejudice to the non-movant does not weigh against Plaintiff. Having been dismissed after initial screening pursuant to 28 U.S.C. § 1915(e), this case was not served on Defendants.

Concerning the length of the delay, Plaintiff's Motion to Extend Time is dated September 17, 2012, and docketed September 21, 2012. While this delay is close to or at the thirty-day period allowed by Rule 4(a)(5)(A)(i), its impact on judicial proceedings cannot be considered significant as this Court had closed the case and no other intervening documents had been filed. (*See* Docs. 14, 15.)

The reason for the delay and whether it was out of control of the movant is not crystal clear as Plaintiff's filing presents a litany of cryptic statements. However, some of the assertions contained in the motion can be construed as reasons for the delay: transfer to a different facility, inability to use the law library, and being held in medical observation and restrictive housing for a combined total of ten (10) days. (Doc. 15 at 1.) These reasons were apparently out of the reasonable control of the movant. (*Id.*) Other courts have found that lack of law library access provides good cause in the context of Rule 4(a)(5). *See Jones v. Walsh*, No. 06 Civ. 225(JGK), 2008 WL 586270, at *1 (S.D.N.Y. Mar. 4, 2008); *see also Khoa Chuong Le v. Dretke*, No. 3-03-CV-2042-H, 2004 WL 1161400, at *1 (N.D. Tex. May 21, 2004). Given Plaintiff's pro se

4

status and asserted difficulty accessing the law library, this factor weighs in favor of finding the neglect excusable.

Finally, we have no reason to believe the movant did not act in good faith.

Therefore, the Court concludes examination of the relevant factors weighs in favor of finding excusable neglect for not timely filing an appeal. With this conclusion, Plaintiff's Motion to Extend Time (Doc. 15) is properly granted. An appropriate Order is entered.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: April 16, 2013

```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| LISA MARIE OSTUNI, | : |
| | :CIVIL ACTION NO. 3:12-CV-0714 |
| Plaintiff, | : |
| | :(JUDGE CONABOY) |
| v. | :(Magistrate Judge Blewitt) |
| | : |
| WAWA'S MART, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## **ORDER**

AND NOW, THIS 16th DAY OF APRIL 2013, FOR THE REASONS SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1. The docket is to reflect that the Court has found that the neglect at issue concerning Plaintiff's Motion to Extend Time (Doc. 15) was excusable neglect;

2. Plaintiff's Motion to Extend Time (Doc. 15) is granted;[1]

3. This Memorandum and Order is to be forwarded to the Third Circuit Court of Appeals.


                                S/Richard P. Conaboy
                                RICHARD P. CONABOY
                                United States District Judge

---

[1] Plaintiff having previously filed an appeal of the Court's dismissal of her 42 U.S.C. § 1983 action (Doc. 17), this Order does not direct Plaintiff to again do so.